# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# WESTERN DIVISION, RALEIGH OFFICE

| | |
|---|---|
| BRIAN DEJONG ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. |
| vs. ) | |
| ) | |
| MANN BRACKEN, LLP and, ) | **JURY DEMAND ENDORSED HEREON** |
| MIDLAND FUNDING LLC, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

NOW COMES the Plaintiff, BRIAN DEJONG, by and through his attorney, M. LYNETTE HARTSELL, and for his Complaint against the Defendants, MANN BRACKEN, LLP and MIDLAND FUNDING LLC, Plaintiff alleges and states as follows:

## PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter the "FDCPA"), 15 U.S.C. § 1692, *et seq.*, and the North Carolina Debt Collection Act (hereinafter the "NCDCA"), N.C. Gen. Stat. § 75-50, *et seq*.

## JURISDICTION AND VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692, *et seq.*, and the NCDCA, N.C. Gen. Stat. § 75-50, *et seq*. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events and omissions giving rise to the claim occurred within this District.

## PARTIES

3. Plaintiff is an individual who was at all relevant times residing in Raleigh, North Carolina.

4. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3) and N.C. Gen. Stat. § 75-50(1), as he is a natural person allegedly obligated to pay a debt.

5. At all relevant times, Defendants acted as "debt collectors" within the meaning of 15 U.S.C. § 1692a(6) and N.C. Gen. Stat. § 75-50(3), in that they held themselves out to be companies collecting a consumer debt allegedly owed by Plaintiff to Defendant MIDLAND FUNDING LLC, as assignee of Emerge MasterCard.

6. On information and belief, Defendant MANN BRACKEN, LLP (hereinafter "Mann Bracken") is a limited liability partnership of the State of Delaware, which is licensed to do business in North Carolina and which has its principal place of business in Rockville, Maryland.

7. On information and belief, Defendant MIDLAND FUNDING LLC (hereinafter "Midland") is a limited liability company of the State of Delaware, which is licensed to do business in North Carolina and which has its principal place of business in San Diego, California.

## COUNT I

(Violation of the Fair Debt Collection Practices Act)

8. On or about February 19, 2009, Mann Bracken, acting as the attorneys and authorized agents of Midland, filed a Complaint against Plaintiff in the Wake County, North Carolina General Court of Justice, District Court Division, attempting to collect the

aforementioned alleged debt (hereinafter referred to as "the state court lawsuit").  A copy of said Complaint is attached hereto as Exhibit 1.

9. On or about March 5, 2009, Plaintiff was served with a copy of the Complaint filed in the state court lawsuit by a member of the Wake County Sheriff's Department.

10. On or about March 6, 2009, Plaintiff mailed a letter to Defendants, a copy of which is attached hereto as Exhibit 2.  In his correspondence, Plaintiff advised Defendants that he was disputing the alleged debt and he requested that Defendants obtain verification of the debt for him.  In addition, Plaintiff instructed Defendants to cease collection of the debt until the requested verification had been obtained for Plaintiff.

11. Defendants did not respond to Plaintiff's letter in any way.  Instead, on or about April 24, 2009, Mann Bracken, acting as the attorneys and authorized agents of Midland, served Plaintiff with Interrogatories, Requests for Admissions and Requests for Production for the state court lawsuit.

12. Furthermore, the state court lawsuit filed by Defendants against Plaintiff was filed after the expiration of the applicable statue of limitations for such a claim under North Carolina law.

13. All of the actions of Mann Bracken alleged above were undertaken in Mann Bracken's capacity as the attorneys and authorized agents of Midland.

14. In their attempts to collect the aforementioned alleged debt, Defendants violated the FDCPA in one or more of the following ways:

  a. Threatening to take action that could not legally be taken and/or that was not intended to be taken, in violation of 15 U.S.C. § 1692e(5);

      b.      Using unfair or unconscionable means to attempt to collect a debt, in violation of 15 U.S.C. § 1692f;

      c.      Failing to cease collection activities prior to providing verification of the alleged debt, where Plaintiff notified Defendants in writing within the applicable 30 day period that the debt was disputed, in violation of 15 U.S.C. § 1692g(b); and

      d.      By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

15. As a result of Defendants' violations as aforesaid, Plaintiff has suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, BRIAN DEJONG, respectfully prays for a judgment as follows:

      a.      All actual compensatory damages suffered;

      b.      Statutory damages of $1,000 from each Defendant for each violation of the FDCPA;

      c.      All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

      d.      Any other relief deemed appropriate by this Honorable Court.

## COUNT II

(Violation of the North Carolina Debt Collection Act)

16. Plaintiff hereby adopts, re-alleges and incorporates by reference all allegations set forth above as though fully rewritten here.

17. In its attempts to collect the aforementioned alleged debt, Defendants violated the NCDCA in one or more of the following ways:

    a. Threatening to take action that could not legally be taken and/or that was not intended to be taken, in violation of N.C. Gen. Stat. § 75-51(8);

    b. Using unfair or unconscionable means to attempt to collect a debt, in violation of N.C. Gen. Stat. § 75-55; and

    c. By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the NCDCA.

18. As a result of Defendants' violations as aforesaid, Plaintiff has suffered and continue to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, BRIAN DEJONG, respectfully prays for judgment against Defendants as follows:

    a. All actual compensatory damages suffered;

    b. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

    c. Any other relief deemed appropriate by this Honorable Court.

## **JURY DEMAND**

Pursuant to Civil Rule 38, Plaintiff hereby demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of his claims in this action.

Respectfully Submitted,

/s/ M. Lynette Hartsell
M. Lynette Hartsell (9845)
Attorney for Plaintiff
1010 Lakeview Drive
Cedar Grove, NC 27231
(888) 595-9111, ext. 713 (phone)
(866) 382-0092 (facsimile)
Lynette@LuxenburgLevin.com